# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Lori A. Busby and George Busby, ) | Civil Action #: 9:15-cv-03603-CWH |
| ) | |
| Plaintiffs, ) | |
| ) | **COMPLAINT** |
| -v- ) | **(Jury Trial Demanded)** |
| ) | **(Personal Injury- Medical Malpractice)** |
| Air Methods Corporation, ) | |
| Rocky Mountain Holdings, LLC, and ) | |
| LifeNet Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiffs, complaining of the Defendants herein, respectfully alleges as follows:

## PARTIES

1. The Plaintiff, Lori A. Busby, is a resident and citizen of the Grand Junction Colorado.

2. The Plaintiff George Busby is a resident and citizen of Grand Junction Colorado.

3. George and Lori Busby are husband and wife.

4. The Defendant, Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business in Englewood, Colorado. Defendant may be served through its registered agent CT Corporation System, 75 Beattie Place, Two Insignia Financial Plaza, Greenville, South Carolina 29601.

5. Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business in Cincinnati,

1

Ohio. Defendant business in South Carolina including in this Division. Defendant may be served through its registered agent CT Corporation System, 2 Office Park Court, Columbia, South Carolina 29223. On information and belief, Defendant Rocky Mountain Holdings, LLC, is a holding company that owns Air Methods Corporation.

6. LifeNet is a Missouri corporation and is a wholly owned subsidiary of AMC.

7. Defendants regularly engage in business in this judicial district and this division.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332.

9. The amount in controversy exceeds $75,000.00.

10. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b)(2), because the events or omissions given rise to the Plaintiffs' claims in this Complaint occurred in this district and this division.

## FACTUAL ALLEGATIONS

11. Air Methods Corporation (AMC) is a publicly traded company that, upon information and belief, is dedicated to marketing, selling, and providing air medical transportations for critically ill patients via aviation transfer. AMC is a Delaware corporation.

12. Air Methods has subsidiaries, including Defendant Rocky Mountain Holdings LLC. Rocky Mountain Holdings LLC (RMH) is a wholly owned subsidiary of Air Methods Corporation and is a Delaware corporation.

13. LifeNet is a Missouri corporation and is a wholly owned subsidiary of AMC.

14. Defendants provide medical air transportation and related services for patients suffering from various medical emergencies throughout South Carolina.

15. This medical malpractice action that relates to Defendants' failure to adequately care for Plaintiff Lori Busby which resulted in Lori Busby suffering an anoxic brain injury.

16. Ms. Busby was having significant problems related to irritable bowel syndrome with recurrent nausea and vomiting.

17. She presented to Beaufort Memorial Hospital on September 6, 2013. In the ER she received Zofran, Reglan, and Protonix and then developed a dystonic type reaction followed by apnea.

18. She developed V tach and CPR was initiated and she was defibrillated and intubated where she recovered pulse and rhythm.

19. She was stabilized but required transfer to a higher skilled facility.

20. LifeNet Air Methods was called to transport Ms. Busby in her critically ill condition.

21. Defendants' medical records indicate that one of Defendants' helicopters was dispatched to Beaufort Memorial to transport Ms. Busby.

22. The crew consisted of Richard Dawson, nurse; Troy Spires EMT-p; and, Peter Prim, pilot.

23. At all times alleged herein, Dawson, Spires, and Prim were acting within the course and scope of their employment and agency relationship with the Defendants and their conduct is imputed to Defendants. Defendants are vicariously liable and liable under the doctrine of respondeat superior for Spires', Prim's, and Dawson's conduct.

24. Based upon the records from Roper Hospital, it was noted that while Ms. Busby was on-board the helicopter, she was given 2 units of blood, and maintained on versed and dopamine.

25. However, medical records from Roper also note the helicopter ran out of oxygen 15 minutes away from the hospital facility and Ms. Busby was on "room air" for the duration of that time period.

26. At Roper, Ms. Busby was noted to be dehydrated and tachycardic with findings of pneumonia and reduced cardiac output.

27. Records indicate that Ms. Busby suffered an anoxic brain injury with cognitive impairments.

28. It was a breach of the standard of care for the helicopter staff and healthcare providers in charge of transfer to run out of oxygen prior to their arrival at Roper Hospital.

29. Ms. Busby was critically ill and required immediate transfer.

30. She had suffered an acute dystonic reaction to medication, irregular heart rhythm, and was defibrillated, and intubated. She required high volume oxygen to maintain life support.

31. The fact that the helicopter staff failed to have appropriate supplies of oxygen on board the helicopter to maintain Ms. Busby's oxygenation during transport is

a breach of the standard of care. This breach of the standard of care was a proximate cause of the anoxic brain injury that Ms. Busby suffered.

32. Defendants breached the duty of care they owed to Lori Busby as described herein.

33. As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff Lori Busby was injured and suffered and continues to suffer severe physical and emotional pain and suffering.

34. Pursuant to S.C. Code Ann. § 15-36-100, the Affidavit of Jay L. Falk, M.D. specifying at least one negligent act or omission by Defendants is attached as Exhibit A and incorporated herein.

35. As a direct and proximate result of negligence, carelessness, recklessness, gross negligence and departure from the prevailing standards of care, of the Defendants, as hereinabove set forth, Ms. Busby has suffered and continues to suffer severe and extreme conscious pain and suffering, loss of quality of life, and medical expenses for which Plaintiffs are entitled to an award of actual and punitive damages in an amount this Court may deem just and proper.

36. Defendants, through its employees, agents or servants, while acting within the scope of their employment, were negligent and grossly negligent and breached the standard of medical care in their treatment of Ms. Busby. The Defendants are vicariously liable and liable for the negligent, grossly negligent, and wrongful acts and omissions as set forth herein.

## FOR A FIRST CAUSE OF ACTION
### (Medical Malpractice)

37. The Plaintiff alleges and reiterates all of the foregoing allegations as fully as it repeated herein verbatim.

38. Defendants did undertake the duty to render medical care to Ms. Busby in accordance with the prevailing and acceptable professional standards of care in the community.

39. Defendants are responsible and vicariously liable for the negligent and/or reckless acts or omissions of their employees or agents, acting in the course and scope of their employment and/or agency relationship.

40. Defendants owed a duty to Plaintiff to render proper care and treatment in accordance with the prevailing standard of care applicable to medical providers confronted with the same or similar circumstances.

41. Not-withstanding said undertaking and while Lori Busby was under the care of Defendants, said Defendants departed from prevailing and acceptable professional standards of care and treatment of its patient and were hereby negligent, grossly negligent and/or reckless at the time and place hereinabove mentioned in the following particulars:

    a. In failing to perform complete and thorough assessments and examinations of Ms. Busby;

    b. In failing to administer proper treatment and medication in a timely manner to Ms. Busby;

    c. In failing to have appropriate oxygen supplies on board the helicopter to supply oxygen to Ms. Busby;

    d. In running out of oxygen supplies while transporting Ms. Busby;

  e. In failing to recognize and properly treat Ms. Busby's life threatening condition described herein and to treat it urgently and appropriately;

  f. In failing to act as patient advocate, in that they failed to ensure that Ms. Busby received proper medical treatment;

  g. In failing to properly train and supervise its employees;

  h. In negligently hiring its employees; and

  i. In such other ways as may be ascertained through the discovery process undertaken pursuant to the Federal Rules of Civil Procedure.

  42. As a direct and proximate result of the negligence, recklessness, willfulness, wantonness and gross negligence of Defendants' agents, servants and employees, as described herein, Lori Busby suffered severe injuries as described herein and they ultimately resulted in her anoxic brain injury.

  43. As a further direct and proximate result of Defendant's negligence, carelessness, gross negligence, recklessness and departures from prevailing standards of care, Ms. Busby has suffered economic loss, has suffered emotional distress, severe physical and mental deficits, anxiety, for which she is entitled to recover actual and punitive damages in an amount to be determined by the trier of fact at the trial of this action.

## FOR A SECOND CAUSE OF ACTION
(Loss of Consortium)

44. Plaintiffs reincorporate, reiterate and re-allege the preceding paragraphs as if fully stated herein verbatim.

45. As a direct proximate result of the negligence, carelessness and gross negligence, and departure from the duty of care owed by the Defendants to the Plaintiff as set forth above, the Plaintiff George Busby, individually and as the husband of Lori Busby, has suffered loss of consortium, loss of society, and loss of marital relationship with his wife. He is entitled to recover actual and punitive damages as determined by a jury in this matter.

WHEREFORE, Plaintiffs pray for the Court to award judgment in their favor and against the Defendants for actual, special and consequential damages, both past and future, for punitive damages, for attorney's fees, for the costs of this action, for such other and further damages as may be revealed in discovery and established at trial, and for such other and further relief as the Court deems just and proper.

**RIKARD & PROTOPAPAS, LLC**

*/s/ Robert G. Rikard*
Robert G. Rikard (Fed ID#: 6938)
1329 Blanding Street
Columbia, South Carolina  29201
Post Office Box 5640 (29250)
Telephone: 803.978.6111
Facsimile: 803.978.6112
Email: rgr@rplegalgroup.com

Attorney for Plaintiff

Columbia, South Carolina
September 8, 2015